E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
CLAIRE E. KELLY (Cal. Bar No. 306086)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3868
    Facsimile: (213) 894-3713
    E-mail:    Claire.Kelly@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ANTHONY FRANK SCOVOTTO,<br> aka "Franky Pisano,"<br> aka "frankypisano93,"<br> aka "frankypis,"<br> aka "Franky,"<br> aka "Frankie,"<br><br>        Defendant. | No. CR 22-306-DSF<br><br>PLEA AGREEMENT FOR DEFENDANT<br>ANTHONY FRANK SCOVOTTO |

    1.    This constitutes the plea agreement between ANTHONY FRANK SCOVOTTO, also known as ("aka") aka "Franky Pisano," frankypisano93," "frankypis," "Franky," and "Frankie" ("defendant"), and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the Indictment in United States v. Anthony Frank Scovotto, CR No. 22-306-DSF, which charges defendant with Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

1        i.    Complete the Financial Disclosure Statement on a form

2   provided by the USAO and, within 30 days of defendant's entry of a

3   guilty plea, deliver the signed and dated statement, along with all

4   of the documents requested therein, to the USAO by either email at

5   usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

6   Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

7   Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

8   criminal debt shall be assessed based on the completed Financial

9   Disclosure Statement and all required supporting documents, as well

10  as other relevant information relating to ability to pay.

11       j.    Authorize the USAO to obtain a credit report upon

12  returning a signed copy of this plea agreement.

13       k.    Consent to the USAO inspecting and copying all of

14  defendant's financial documents and financial information held by the

15  United States Probation and Pretrial Services Office.

16       l.    Agree to and not oppose the imposition of the

17  following conditions of probation or supervised release:

18            i.    Sex Offender Registration: Defendant shall

19  register as a sex offender, and keep the registration current, in

20  each jurisdiction where defendant resides, where defendant is an

21  employee, and where defendant is a student, to the extent the

22  registration procedures have been established in each jurisdiction.

23  When registering for the first time, defendant shall also register in

24  the jurisdiction in which the conviction occurred if different from

25  defendant's jurisdiction of residence.  Defendant shall provide proof

26  of registration to the Probation Officer within three days of

27  defendant's placement on probation/release from imprisonment.

28

1       ii.   Counseling: Defendant shall participate in a
2   psychological counseling and/or psychiatric treatment and/or a sex
3   offender treatment program, which may include inpatient treatment
4   upon order of the Court, as approved and directed by the Probation
5   Officer.   Defendant shall abide by all rules, requirements, and
6   conditions of such program, including submission to risk assessment
7   evaluations and physiological testing, such as polygraph and Abel
8   testing, but the defendant retains the right to invoke the Fifth
9   Amendment.   The Probation Officer shall disclose the presentence
10  report and/or any previous mental health evaluations or reports to
11  the treatment provider.   As directed by the Probation Officer,
12  defendant shall pay all or part of the costs of treating defendant's
13  psychological/psychiatric disorder(s) to the aftercare contractor
14  during the period of community supervision, pursuant to 18 U.S.C.
15  § 3672.   Defendant shall provide payment and proof of payment as
16  directed by the Probation Officer.

17      iii. Access to Materials: Defendant shall not view or
18  possess any materials, including pictures, photographs, books,
19  writings, drawings, videos, or video games, depicting and/or
20  describing child pornography, as defined in 18 U.S.C. §2256(8), or
21  sexually explicit conduct depicting minors, as defined at 18 U.S.C.
22  §2256(2).   The defendant shall not possess or view any materials such
23  as videos, magazines, photographs, computer images or other matter
24  that depicts "actual sexually explicit conduct" involving adults as
25  defined by 18 U.S.C. § 2257(h)(1).   This condition does not prohibit
26  defendant from possessing materials solely because they are necessary
27  to, and used for, a collateral attack, nor does it prohibit defendant
28  from possessing materials prepared and used for the purposes of

1    defendant's Court-mandated sex offender treatment, when defendant's

2    treatment provider or the probation officer has approved of

3    defendant's possession of the materials in advance.

4         iv.  Contact with Others: Defendant shall not

5    associate or have verbal, written, telephonic, or electronic

6    communication with any person under the age of 18, except: (a) in the

7    presence of the parent or legal guardian of said minor; and (b) on

8    the condition that defendant notifies said parent or legal guardian

9    of defendant's conviction in the instant offense/prior offense.  This

10   provision does not encompass persons under the age of 18, such as

11   waiters, cashiers, ticket vendors, etc., with whom defendant must

12   interact in order to obtain ordinary and usual commercial services.

13   Defendant shall not frequent, or loiter, within 100 feet of school

14   yards, parks, public swimming pools, playgrounds, youth centers,

15   video arcade facilities, or other places primarily used by persons

16   under the age of 18.  Defendant shall not affiliate with, own,

17   control, volunteer or be employed in any capacity by a business or

18   organization that causes defendant to regularly contact persons under

19   the age of 18.  Defendant shall not affiliate with, own, control, or

20   be employed in any capacity by a business whose principal product is

21   the production or selling of materials depicting or describing

22   "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

23   Defendant shall not own, use or have access to the services of any

24   commercial mail-receiving agency, nor shall defendant open or

25   maintain a post office box, without the prior written approval of the

26   Probation Officer.

27         v.  Employment: Defendant's employment shall be

28   approved by the Probation Officer, and any change in employment must

1   be pre-approved by the Probation Officer.  Defendant shall submit the

2   name and address of the proposed employer to the Probation Officer at

3   least ten days prior to any scheduled change.

4            vi.  Residence: Defendant shall not reside within

5   direct view of school yards, parks, public swimming pools,

6   playgrounds, youth centers, video arcade facilities, or other places

7   primarily used by persons under the age of 18.  Defendant's residence

8   shall be approved by the Probation Officer, and any change in

9   residence must be pre-approved by the Probation Officer.  Defendant

10  shall submit the address of the proposed residence to the Probation

11  Officer at least ten days prior to any scheduled move.

12           vii. Search: Defendant shall submit defendant's

13  person, and any property, house, residence, vehicle, papers,

14  computer, other electronic communication or data storage devices or

15  media, and effects to search at any time, with or without warrant, by

16  any law enforcement or Probation Officer with reasonable suspicion

17  concerning a violation of a condition of probation/supervised release

18  or unlawful conduct by defendant, and by any Probation Officer in the

19  lawful discharge of the officer's supervision function.

20           viii.   Computer: Defendant shall possess and use

21  only those computers and computer-related devices, screen user names,

22  passwords, email accounts, and internet service providers ("ISPs")

23  that have been disclosed to the Probation Officer upon commencement

24  of supervision.  Any changes or additions are to be disclosed to the

25  Probation Officer prior to defendant's first use.  Computers and

26  computer-related devices include personal computers, personal data

27  assistants ("PDAs"), internet appliances, electronic games, cellular

28  telephones, and digital storage media, as well as their peripheral

1   equipment, that can access, or can be modified to access, the

2   internet, electronic bulletin boards, and other computers.  All

3   computers, computer-related devices, and their peripheral equipment,

4   used by defendant shall be subject to search and seizure.  This shall

5   not apply to items used at the employment's site that are maintained

6   and monitored by the employer.  Defendant shall comply with the rules

7   and regulations of the Computer Monitoring Program.  Defendant shall

8   pay the cost of the Computer Monitoring Program, in an amount not to

9   exceed $32 per month per device connected to the internet.  Computers

10  and computer-related devices" include only computers and computer-

11  related devices that can access sexually explicit material.

12          3.   Defendant further agrees:

13          a.   To forfeit all right, title, and interest in and to

14  any and all monies, properties, and/or assets of any kind, derived

15  from or acquired as a result of, or used to facilitate the commission

16  of, or involved in the illegal activity to which defendant is

17  pleading guilty, specifically including, but not limited to, the

18  digital devices used to facilitate the offenses (collectively, the

19  "Forfeitable Assets").

20          b.   To the Court's entry of an order of forfeiture at or

21  before sentencing with respect to the Forfeitable Assets and to the

22  forfeiture of the assets.

23          c.   To take whatever steps are necessary to pass to the

24  United States clear title to the Forfeitable Assets, including,

25  without limitation, the execution of a consent decree of forfeiture

26  and the completing of any other legal documents required for the

27  transfer of title to the United States.

28

7

1          d.    Not to contest any administrative forfeiture

2    proceedings or civil judicial proceedings commenced against the

3    Forfeitable Assets.  If defendant submitted a claim and/or petition

4    for remission for all or part of the Forfeitable Assets on behalf of

5    himself or any other individual or entity, defendant shall and hereby

6    does withdraw any such claims or petitions, and further agrees to

7    waive any right he may have to seek remission or mitigation of the

8    forfeiture of the Forfeitable Assets.

9          e.    Not to assist any other individual in any effort

10   falsely to contest the forfeiture of the Forfeitable Assets.

11         f.    Not to claim that reasonable cause to seize the

12   Forfeitable Assets was lacking.

13         g.    To prevent the transfer, sale, destruction, or loss of

14   any and all assets described above to the extent defendant has the

15   ability to do so.

16         h.    To fill out and deliver to the USAO a completed

17   financial statement listing defendant's assets on a form provided by

18   the USAO.

19         i.    That forfeiture of Forfeitable Assets shall not be

20   counted toward satisfaction of any special assessment, fine,

21   restitution, costs, or other penalty the Court may impose.

22                        THE USAO'S OBLIGATIONS

23      4.   The USAO agrees to:

24         a.    Not contest facts agreed to in this agreement.

25         b.    Abide by all agreements regarding sentencing contained

26   in this agreement.

27         c.    At the time of sentencing, move to dismiss the

28   remaining counts of the indictment as against defendant.  Defendant

1  agrees, however, that at the time of sentencing the Court may
2  consider any dismissed charges in determining the applicable
3  Sentencing Guidelines range, the propriety and extent of any
4  departure from that range, and the sentence to be imposed.

5       d.   At the time of sentencing, provided that defendant
6  demonstrates an acceptance of responsibility for the offense up to
7  and including the time of sentencing, recommend a two-level reduction
8  in the applicable Sentencing Guidelines offense level, pursuant to
9  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
10  additional one-level reduction if available under that section.

11       e.   Except for criminal tax violations (including
12  conspiracy to commit such violations chargeable under 18 U.S.C.
13  § 371), not further criminally prosecute defendant for violations of
14  18 U.S.C. § 2251(a), (e) arising out of defendant's conduct described
15  in the agreed-to factual basis set forth in paragraph 14 below.
16  Defendant understands that the USAO is free to criminally prosecute
17  defendant for any other unlawful past conduct or any unlawful conduct
18  that occurs after the date of this agreement.  Defendant agrees that
19  at the time of sentencing the Court may consider the uncharged
20  conduct in determining the applicable Sentencing Guidelines range,
21  the propriety and extent of any departure from that range, and the
22  sentence to be imposed after consideration of the Sentencing
23  Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

24                          NATURE OF THE OFFENSE

25       5.   Defendant understands that for defendant to be guilty of
26  the crime charged in Count One, that is, Attempted Production of
27  Child Pornography, in violation of Title 18, United States Code,
28  Section 2251(a), (e), the following must be true: (1) at the time of

1  the offense, the victim was under the age of 18 years; (2) defendant

2  attempted to employ, use, persuade, or coerce the victim to take part

3  in sexually explicit conduct for the purpose of producing a visual

4  depiction of such conduct; (3) defendant did something that was a

5  substantial step toward committing the crime and that strongly

6  corroborated the defendant's intent to commit the crime; and

7  (4) either (A) defendant knew or had reason to know that the visual

8  depiction would be mailed or transported across state lines or in

9  foreign commerce; or (B) the visual depiction was produced using

10 materials that had been mailed, shipped, or transported across state

11 lines or in foreign commerce; or (C) the visual depiction was mailed

12 or actually transported across state lines or in foreign commerce; or

13 (D) the visual depiction affected interstate commerce.

14                        PENALTIES AND RESTITUTION

15      6.   Defendant understands that the statutory maximum sentence

16 that the Court can impose for a violation of Title 18, United States

17 Code, Section 2251(a), (e), is: 50 years' imprisonment; a lifetime

18 period of supervised release; a fine of $250,000; and a mandatory

19 special assessment of $100.

20      7.   Defendant understands that the statutory mandatory minimum

21 sentence that the Court must impose for a violation of Title 18,

22 United States Code, Section 2251(a), (e), is: 25 years' imprisonment;

23 five years' supervised release, and a mandatory special assessment of

24 $100.

25      8.   Defendant understands that defendant will be required to

26 pay full restitution to the victim(s) of the offense to which

27 defendant is pleading guilty.  Defendant agrees that, in return for

28 the USAO's compliance with its obligations under this agreement, the

                                   10

1  Court may order restitution to persons other than the victim(s) of
2  the offense to which defendant is pleading guilty and in amounts
3  greater than those alleged in the count to which defendant is
4  pleading guilty.  In particular, defendant agrees that the Court may
5  order restitution to any victim of any of the following for any
6  losses suffered by that victim as a result: (a) any relevant conduct,
7  as defined in U.S.S.G. § 1B1.3, in connection with the offense to
8  which defendant is pleading guilty; and (b) any count dismissed
9  pursuant to this agreement as well as all relevant conduct, as
10 defined in U.S.S.G. § 1B1.3, in connection with those counts.
11 Defendant understands that, under the Amy, Vicky, and Andy Child
12 Pornography Victim Assistance Act of 2018, the Court shall impose a
13 restitution amount of not less than $3,000 per victim.

14     9.   Defendant understands that, pursuant to the Justice for
15 Victims of Trafficking Act of 2015, the Court shall impose an
16 additional $5,000 special assessment if the Court concludes that
17 defendant is a non-indigent person, to be paid after defendant's
18 other financial obligations have been satisfied.

19     10.  Defendant understands that supervised release is a period
20 of time following imprisonment during which defendant will be subject
21 to various restrictions and requirements.  Defendant understands that
22 if defendant violates one or more of the conditions of any supervised
23 release imposed, defendant may be returned to prison for all or part
24 of the term of supervised release authorized by statute for the
25 offense that resulted in the term of supervised release, which could
26 result in defendant serving a total term of imprisonment greater than
27 the statutory maximum stated above.

28

11.   Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

12.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

13.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States

1  citizenship and admission to the United States in the future.

2  Defendant understands that while there may be arguments that

3  defendant can raise in immigration proceedings to avoid or delay

4  removal, removal is presumptively mandatory and a virtual certainty

5  in this case.  Defendant further understands that removal and

6  immigration consequences are the subject of a separate proceeding and

7  that no one, including his attorney or the Court, can predict to an

8  absolute certainty the effect of his conviction on his immigration

9  status.  Defendant nevertheless affirms that he wants to plead guilty

10  regardless of any immigration consequences that his plea may entail,

11  even if the consequence is automatic removal from the United States.

12                              FACTUAL BASIS

13      14.  Defendant admits that defendant is, in fact, guilty of the

14  offense to which defendant is agreeing to plead guilty.  Defendant

15  and the USAO agree to the statement of facts provided below and agree

16  that this statement of facts is sufficient to support a plea of

17  guilty to the charge described in this agreement and to establish the

18  Sentencing Guidelines factors set forth in paragraph 16 below but is

19  not meant to be a complete recitation of all facts relevant to the

20  underlying criminal conduct or all facts known to either party that

21  relate to that conduct.

22      Beginning on or about April 1, 2017, and continuing until on or

23  about May 12, 2017, in Los Angeles County, within the Central

24  District of California, and elsewhere, defendant ANTHONY FRANK

25  SCOVOTTO, also known as ("aka") "Franky Pisano," aka

26  "frankypisano93," aka "frankypis," aka "Franky," aka "Frankie,"

27  attempted to knowingly employ, use, persuade, induce, entice, and

28  coerce an 11-year-old minor female, who had not obtained the age of

18 years, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

Specifically, defendant contacted victim "M.M.," who was 11 years old at the time, via audio calls and text messages. Defendant knew that M.M. was under the age of 18. In an effort to convince M.M. to produce child pornography, defendant told M.M. that he loved M.M. and that they were "meant for each other." Defendant pretended to be approximately 18 years old. Defendant instructed M.M. to contact him in an online chat room. While they were both in the chat room, defendant told M.M. to do certain things, including spreading her legs and taking off her shirt. Investigators eventually took over M.M.'s account and continued communicating with defendant while impersonating M.M. During subsequent text messages, defendant asked M.M. to show him her vagina by taking off her underwear and spreading her legs. Defendant also asked M.M. to take a picture of her vagina and send it to him.

In 2017, defendant also separately contacted two additional victims online, both of whom he knew were under the age of 18: "M.C." and "H.H." Defendant asked the victims to send him sexually explicit photographs. M.C. and H.H. sent defendant photographs of their vaginas. Defendant also asked H.H. to send photographs of H.H. inserting items into her vagina and anus, which H.H. did.

SENTENCING FACTORS

15.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

16.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 32 | [U.S.S.G. § 2G2.1] |
| Minor Under 12: | +4 | [U.S.S.G. § 2G2.1(b)(1)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

17.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

20. Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these

16

digital devices and/or digital media are returned to defendant, the
government may delete all digital data from those digital devices
and/or digital media before they are returned to defendant.

WAIVER OF APPEAL OF CONVICTION

21.  Defendant understands that, with the exception of an appeal
based on a claim that defendant's guilty plea was involuntary, by
pleading guilty defendant is waiving and giving up any right to
appeal defendant's conviction on the offense to which defendant is
pleading guilty.  Defendant understands that this waiver includes,
but is not limited to, arguments that the statute to which defendant
is pleading guilty is unconstitutional, and any and all claims that
the statement of facts provided herein is insufficient to support
defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

22.  Defendant agrees that, provided the Court imposes a term of
imprisonment within or below the range corresponding to an offense
level of 33 and the criminal history category calculated by the
Court, defendant gives up the right to appeal all of the following:
(a) the procedures and calculations used to determine and impose any
portion of the sentence; (b) the term of imprisonment imposed by the
Court; (c) the fine imposed by the Court, provided it is within the
statutory maximum; (d) to the extent permitted by law, the
constitutionality or legality of defendant's sentence, provided it is
within the statutory maximum; (e) the term of probation or supervised
release imposed by the Court, provided it is within the statutory
maximum; and (f) any of the following conditions of probation or
supervised release imposed by the Court: the conditions set forth in
Second Amended General Order 20-04 of this Court; the drug testing

17

conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the
alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7);
and any conditions of probation or supervised release agreed to by
defendant in paragraph 2 above.

23.   Defendant also gives up any right to bring a post-
conviction collateral attack on the conviction or sentence, including
any order of restitution, except a post-conviction collateral attack
based on a claim of ineffective assistance of counsel, a claim of
newly discovered evidence, or an explicitly retroactive change in the
applicable Sentencing Guidelines, sentencing statutes, or statutes of
conviction.   Defendant understands that this waiver includes, but is
not limited to, arguments that the statute to which defendant is
pleading guilty is unconstitutional, and any and all claims that the
statement of facts provided herein is insufficient to support
defendant's plea of guilty.

24.   The USAO agrees that, provided (a) all portions of the
sentence are at or above the statutory minimum and at or below the
statutory maximum specified above and (b) the Court imposes a term of
imprisonment within or above the range corresponding to an offense
level of 33 and the criminal history category calculated by the
Court, the USAO gives up its right to appeal any portion of the
sentence, with the exception that the USAO reserves the right to
appeal the amount of restitution ordered.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

25.   Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and succeeds
in withdrawing defendant's guilty plea on any basis other than a
claim and finding that entry into this plea agreement was

18

1  involuntary, then (a) the USAO will be relieved of all of its

2  obligations under this agreement; and (b) should the USAO choose to

3  pursue any charge that was either dismissed or not filed as a result

4  of this agreement, then (i) any applicable statute of limitations

5  will be tolled between the date of defendant's signing of this

6  agreement and the filing commencing any such action; and

7  (ii) defendant waives and gives up all defenses based on the statute

8  of limitations, any claim of pre-indictment delay, or any speedy

9  trial claim with respect to any such action, except to the extent

10  that such defenses existed as of the date of defendant's signing this

11  agreement.

12                RESULT OF VACATUR, REVERSAL OR SET-ASIDE

13      26.  Defendant agrees that if the count of conviction is

14  vacated, reversed, or set aside, both the USAO and defendant will be

15  released from all their obligations under this agreement.

16                    EFFECTIVE DATE OF AGREEMENT

17      27.  This agreement is effective upon signature and execution of

18  all required certifications by defendant, defendant's counsel, and an

19  Assistant United States Attorney.

20                        BREACH OF AGREEMENT

21      28.  Defendant agrees that if defendant, at any time after the

22  signature of this agreement and execution of all required

23  certifications by defendant, defendant's counsel, and an Assistant

24  United States Attorney, knowingly violates or fails to perform any of

25  defendant's obligations under this agreement ("a breach"), the USAO

26  may declare this agreement breached.  All of defendant's obligations

27  are material, a single breach of this agreement is sufficient for the

28  USAO to declare a breach, and defendant shall not be deemed to have

1  cured a breach without the express agreement of the USAO in writing.

2  If the USAO declares this agreement breached, and the Court finds

3  such a breach to have occurred, then: (a) if defendant has previously

4  entered a guilty pleas pursuant to this agreement, defendant will not

5  be able to withdraw the guilty plea, and (b) the USAO will be

6  relieved of all its obligations under this agreement.

7      29.  Following the Court's finding of a knowing breach of this

8  agreement by defendant, should the USAO choose to pursue any charge

9  that was either dismissed or not filed as a result of this agreement,

10  then:

11      a.  Defendant agrees that any applicable statute of

12  limitations is tolled between the date of defendant's signing of this

13  agreement and the filing commencing any such action.

14      b.  Defendant waives and gives up all defenses based on

15  the statute of limitations, any claim of pre-indictment delay, or any

16  speedy trial claim with respect to any such action, except to the

17  extent that such defenses existed as of the date of defendant's

18  signing this agreement.

19      c.  Defendant agrees that: (i) any statements made by

20  defendant, under oath, at the guilty plea hearing (if such a hearing

21  occurred prior to the breach); (ii) the agreed to factual basis

22  statement in this agreement; and (iii) any evidence derived from such

23  statements, shall be admissible against defendant in any such action

24  against defendant, and defendant waives and gives up any claim under

25  the United States Constitution, any statute, Rule 410 of the Federal

26  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

27  Procedure, or any other federal rule, that the statements or any

28

evidence derived from the statements should be suppressed or are
inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
### OFFICE NOT PARTIES

30.   Defendant understands that the Court and the United States
Probation and Pretrial Services Office are not parties to this
agreement and need not accept any of the USAO's sentencing
recommendations or the parties' agreements to facts or sentencing
factors.

31.   Defendant understands that both defendant and the USAO are
free to: (a) supplement the facts by supplying relevant information
to the United States Probation and Pretrial Services Office and the
Court, (b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 16 are
consistent with the facts of this case.  While this paragraph permits
both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

32.   Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason,
withdraw defendant's guilty pleas, and defendant will remain bound to
fulfill all defendant's obligations under this agreement.   Defendant
understands that no one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise regarding
the sentence defendant will receive, except that it will be between
the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

33.   Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

///

///

///

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        34.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    E. MARTIN ESTRADA
     United States Attorney

9

10   _____          ___5/5/23_____
     CLAIRE E. KELLY   Scott M, Lara        Date
11   Assistant United States Attorney

12   _____          ___4-28-2023_____
     ANTHONY FRANK SCOVOTTO                Date
13   Defendant
     Daniel Natal
14   _____          ___5/5/2023_____
     JULIA DEIXLER                        Date
15   DANIEL NATAL
     Attorneys for Defendant
16   ANTHONY FRANK SCOVOTTO

17

18

19                   <u>CERTIFICATION OF DEFENDANT</u>

20       I have read this agreement in its entirety. I have had enough

21   time to review and consider this agreement, and I have carefully and

22   thoroughly discussed every part of it with my attorney.  I understand

23   the terms of this agreement, and I voluntarily agree to those terms.

24   I have discussed the evidence with my attorney, and my attorney has

25   advised me of my rights, of possible pretrial motions that might be

26   filed, of possible defenses that might be asserted either prior to or

27   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

28   of relevant Sentencing Guidelines provisions, and of the consequences

                                   23

of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          4-28-2023
ANTHONY FRANK SCOVOTTO                  Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ANTHONY FRANK SCOVOTTO's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

forth in this agreement is sufficient to support my client's entry of
a guilty plea pursuant to this agreement.

_Daniel Natal_ _____          **5/5/2023** _____
JULIA DEIXLER                                        Date
DANIEL NATAL
Attorneys for Defendant
ANTHONY FRANK SCOVOTTO